**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **REGIONS BANK, f/k/a Union Planters Bank N.A.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 10-759-GPM** |
| ) | |
| **R & D DEVELOPMENT CORPORATION,** ) | |
| **an Illinois Corporation, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Plaintiff Regions Bank ("Regions") brings this action to recover on promissory notes and other guaranties executed by Defendant R & D Development Corporation ("R & D"); also named as Defendants are L. David Bridges and Richard J. Trolard, who are corporate officers of R & D. Regions asserts federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Having reviewed the allegations of Regions's complaint, the Court discerns certain flaws in Regions's pleading with respect to federal jurisdiction in diversity. These defects require Regions to re-plead its complaint.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). For purposes of federal diversity jurisdiction, the citizenship of a national banking association is determined by reference to both the national banking association's principal place of business and "the state listed in its organization certificate." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) (citing 28 U.S.C. § 1348). *See also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Deutsche Bank Nat'l Trust Co. v. King*, Civil No. 10-331-GPM, 2010 WL 1874472, at *1 (S.D. Ill. May 7, 2010). The principal place of business of an organization means, in turn, the state where the organization maintains its headquarters or "nerve center." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 n.9 (2006); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). The state citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where the corporation has its principal place of business, that is, the corporation's "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 130 S. Ct. at 1192-95; *Illinois Bell Tel. Co. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777-78 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981).

With respect to natural persons, to invoke diversity jurisdiction a natural person must be alleged to be a citizen of a state, not a resident of a state, with the state of the person's citizenship being, of course, the state where the person is domiciled, that is, the state where the person is physically present with the intent to remain there indefinitely. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."); *Tylka v. Gerber Prods. Co*., 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs*., 101 F.3d 57, 59 (7th Cir. 1996)) ("[A]llegations of residence are insufficient to establish diversity jurisdiction.  It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'"); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]lthough the parties claimed diversity jurisdiction, the complaint failed to allege the citizenship of either party, instead stating the residence of each.  Of course, allegations of residence are insufficient to establish diversity jurisdiction."); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) (stating that "'[c]itizenship' for purposes of [28 U.S.C.] § 1332 means domicile rather than residence" and that "it takes physical presence in a state, with intent to remain there, to establish domicile.").  Finally, the jurisdiction of a federal court can be invoked only by facts that are pled on personal knowledge, not "information and belief." *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Frakes v. B & J Food Serv. Equip. of Mo., Inc*., Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010) (collecting cases).  Regions, the proponent of federal jurisdiction, bears the burden of proof as to the existence of such jurisdiction. *See NLFC, Inc. v. Devcom Mid-America, Inc*., 45 F.3d 231, 237 (7th Cir. 1995) ("The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction.").

Turning then to the jurisdictional allegations of Regions's complaint, the complaint properly alleges that R & D is a corporation organized under the law of the State of Illinois with its principal place of business in Illinois, so that R & D is an Illinois citizen for purposes of federal diversity jurisdiction.[1]  Otherwise, however, Regions's jurisdictional allegations are riddled with defects. With respect to its own citizenship, Regions alleges that it "is a corporation duly formed under the laws of the State of Alabama, but which is registered to do business in several states, including Missouri and Illinois."  Complaint (Doc. 2) at 2 ¶ 1.  It appears that Regions is a national banking association and, if so, Regions must allege the state listed in its organization certificate and the state where it has its principal place of business.  If Regions is not a national banking association and instead is a corporation, it must allege the state under the law of which it is incorporated and the state where it maintains its principal place of business.  With respect to Bridges and Trolard, Regions alleges that they are "resident[s]" of Illinois, and does so "upon information and belief."  *Id.* at 2 ¶¶ 3-4.  Regions must allege that Bridges and Trolard are citizens of Illinois, not residents of Illinois, and it must omit from its jurisdictional allegations all reference to "information and belief."  Finally,

---

1.   The Court can take judicial notice of public records and government documents, including those available from reliable sources on the Internet.  *See, e.g., Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from the official website of the Federal Deposit Insurance Corporation); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) ("The Court may of course judicially notice public records and government documents, including those available from reliable sources on the Internet.") (collecting cases).  The online records of corporations maintained by the Illinois Secretary of State (accessible at http://www.ilsos.gov/corporatellc) do not yield any records for R & D.  This suggests to the Court that R & D in fact is not incorporated under Illinois law or perhaps is not a corporation and instead is a different type of entity, such as a sole proprietorship.  However, the Court will accept Regions's jurisdictional allegations regarding R & D for the present, until such time as those allegations may be controverted.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (when jurisdictional allegations are controverted, the party asserting federal jurisdiction must support those allegations with competent proof).

with respect to the amount in controversy, Regions alleges that "the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00)." *Id*. at 2 ¶ 5. Regions must allege that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.[2] It is the Court's usual practice, in cases in which federal subject matter jurisdiction has been improperly pled, to give leave freely to amend defective jurisdictional allegations. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Leaf v. Supreme Court of Wis*., 979 F.2d 589, 595 (7th Cir. 1992) ("[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given."). Accordingly, the Court will direct Regions to file an amended complaint that properly alleges the Court's subject matter jurisdiction in diversity.

---

2. The Court has reviewed carefully the documents attached to Regions's complaint in an attempt to ascertain what amount is in controversy here. Unfortunately, it is impossible to determine from those documents what principal amounts are in dispute and how much of the interest sought by Regions accrued before Defendants' alleged default on the promissory notes at issue in this case, and therefore may be included in the amount in controversy, and how much of the interest has accrued because of delay in payment, and thus may not be included in the jurisdictional amount. *See Bailey Employment Sys., Inc. v. Hahn*, 655 F.2d 473, 475 n.1 (2d Cir. 1981) ("Because interest had accrued on the instrument prior to its maturity, the amount in controversy satisfies the requirement of 28 U.S.C. s 1332(a)."); 14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3712 (3d ed. 1998 & Supp. 2010) (explaining that interest that accrues purely as a result of a delay in payment of a debt cannot be included in the jurisdictional amount for diversity purposes because otherwise a plaintiff could simply delay suit until the claim, with accruing interest, exceeds the statutory minimum) (collecting cases). It seems highly likely to the Court that the amount in controversy in this case exceeds the jurisdictional minimum for diversity purposes, but "subject matter jurisdiction must be a matter of certainty and not of probabilities (however high)." *Newsom v. Caliber Auto Transfer of St. Louis, Inc*., Civil No. 09-954-GPM, 2010 WL 415388, at *3 (S.D. Ill. Feb. 1, 2010) (brackets omitted). Accordingly, the Court will require Regions to plead expressly that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. This allegation will suffice to establish the jurisdictional amount until such time as the sufficiency of that amount may be put in dispute.

To conclude, it is hereby **ORDERED** that Regions shall file an amended complaint that corrects the defects in Regions's pleading of the Court's subject matter jurisdiction in diversity in Regions's original complaint that are addressed in this Order not later than Friday, October 15, 2010, at 12:00 noon.  Failure to file an amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:  October 6, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge