IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGIONS BANK, f/k/a Union Planters )
Bank N.A., )
 )
        **Plaintiff,** )
 )
vs. ) CIVIL NO. 10-759-GPM
 )
R & D DEVELOPMENT CORPORATION, )
an Illinois Corporation, et al., )
 )
        **Defendants.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion for a default judgment brought by Plaintiff Regions Bank ("Regions") (Doc. 28). Regions brings this action against Defendant R & D Development Corporation ("R & D"), and against Defendants L. David Bridges and Richard J. Trolard, who are officers of R & D. Subject matter jurisdiction in this case is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332. This case concerns certain indebtednesses to Regions assumed by R & D, acting through its officers and agents Bridges and Trolard. It appears from the allegations of Regions's operative complaint in this case and the documentation attached thereto that on October 21, 2005, R & D, through Bridges and Trolard, executed a promissory note agreeing to pay Regions the sum of $1,100,000.00, together with interest thereon, and a trust deed securing the note by granting Regions an interest in real property located at 10912 Schuetz Road, St. Louis, Missouri, 63146. In addition, Bridges entered a guaranty of the note. On November 17, 2006, R & D, through Bridges and Trolard, executed a promissory note

agreeing to pay Regions the sum of $1,057,985.19, together with interest thereon, and a mortgage securing the note by granting Regions an interest in real property located at 34 Empire Drive, Belleville, Illinois, 62221. In addition, Bridges entered a guaranty of the note. Also on November 17, 2006, R & D, through Bridges and Trolard, executed a promissory note agreeing to pay Regions the sum of $360,000.00, together with interest thereon, and a mortgage securing the note by granting Regions an interest in real property located at 15 Emerald Terrace, Swansea, Illinois, 62226. In addition, Bridges entered a guaranty of the note. On April 29, 2010, R & D and Regions entered a modification agreement, guaranteed by Bridges and Trolard, whereby R & D acknowledged that it was indebted to Regions in the following amounts: $956,366.15, not including attorneys' fees and expenses, in connection with the promissory note secured by the Schuetz Road property; $979,224.84, not including attorneys' fees and expenses, in connection with the promissory note secured by the Empire Road property; and $327,767.61, not including attorneys' fees and expenses, in connection with the promissory note secured by the Emerald Terrace property. In the modification agreement R & D promised to repay all of the foregoing sums.

R & D, Bridges, and Trolard ultimately defaulted on their obligations to Regions, whereupon Regions served a demand for repayment on August 17, 2010, in which Regions warned that, unless the defaults were cured, the balances due on the promissory notes at issue in this case would be accelerated. It appears that the defaults were not cured, as this action was filed on September 30, 2010. In its operative complaint in this case Regions asserts claims for breach of contract against R & D, Bridges, and Trolard, and asserts that it is owed: $956,988.42, together with pre-judgment and post-judgment interest, attorneys' fees, and costs, in connection with the promissory note secured by the Schuetz Road property; $977,693.60, together with pre-judgment and

post-judgment interest, attorneys' fees, and costs, in connection with the promissory note secured by the Empire Road property; and $326,165.57, together with pre-judgment and post-judgment interest, attorneys' fees, and costs, in connection with the promissory note secured by the Emerald Terrace property.  It appears from the record that Bridges was served with process in this case on November 18, 2010, R & D was served on November 23, 2010, and Trolard was served on November 30, 2010.  To date none of the Defendants in this case has appeared or answered the complaint.  On December 29, 2010, the Clerk of Court made an entry of default in this case.  Regions now requests that the Court enter a default judgment against R & D, Bridges, and Trolard in the amount of $2,271,927.62.  Having considered the matter carefully, the Court rules as follows.

Obtaining a default judgment entails two steps:  first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court demonstrating that the opposing party has failed to answer or otherwise respond to the complaint; and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.  *See* Fed. R. Civ. P. 55; *Anderson v. Specified Credit Ass'n, Inc.*, Civil No. 11-53-GPM, 2011 WL 2414867, at *1 (S.D. Ill. June 10, 2011); *Regions Bank v. R & D Dev. Corp.*, Civil No. 10-759-GPM, 2011 WL 2149086, at *2 (S.D. Ill. May 31, 2011).  Rule 55 of the Federal Rules of Civil Procedure provides that the clerk may enter a judgment by default when the plaintiff's claim is for a sum certain or for a sum which can be computed with certainty and the defendant has been defaulted for failure to appear and is neither an infant nor incompetent.  *See* Fed. R. Civ. P. 55(b)(1); *Capital Records, Inc. v. Mattingley*, 461 F. Supp. 2d 846, 848 (S.D. Ill. 2006).  In all other cases, the party seeking a judgment by default must apply to the district

judge presiding in a case for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(2). Rule 55 states, in relevant part,

> A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). Thus, to procure a default judgment under Rule 55(b)(2), a party must establish the following: (1) when and against what party the default was entered; (2) identification of the pleading as to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military service and thus not protected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C. § 501 *et seq.*; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006). In determining whether a default judgment is warranted, a court also may consider: the amount of money involved; whether the default is largely technical; whether the grounds for default are clearly established; and whether the default was caused by a good faith mistake or excusable neglect. *See* 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2685 (3d ed. 1998 & Supp. 2010) (collecting cases).

"As a general rule, a 'default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v.*

*Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)) (brackets omitted). Thus, "upon default, the well-pleaded allegations of a complaint relating to liability are taken as true[.]" *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). *See also Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (stating that "[w]hen a default judgment is entered, facts alleged in the complaint may not be contested."). However, although upon the entry of default, the well-pleaded allegations of a complaint relating to liability are taken as true, allegations regarding the amount of damages must be proven because "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *See WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 607 (7th Cir. 2008). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Granting or denying default judgment is within a court's sound discretion. *See Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996); *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990).

In this case, all of the requirements for entry of a default judgment under Rule 55(b)(2) are satisfied. The record discloses that, as discussed, a default was entered against R & D, Bridges, and Trolard on December 29, 2010. Regions's memorandum of points and authorities in support of its request for entry of a default judgment identifies the pleading as to which default was entered, that

is, Regions's second amended complaint (Doc. 9). Regions has adduced evidence that neither Bridges nor Trolard is an infant or incompetent or in military service. Finally, because R & D, Bridges, and Trolard have never entered an appearance in this action, the notice requirement of Rule 55(b)(2) does not apply. Default was properly entered by the Clerk of Court. The grounds for the default – the failure by R & D, Bridges, and Trolard to file an answer or other responsive pleading within twenty-one days of being served with Regions's summons and complaint – are clearly established. There is no indication that the default was caused by a good faith mistake or excusable neglect. Finally, Regions has produced evidence that as of December 9, 2010, it is owed $2,271,927.62 by R & D, Bridges, and Trolard. Therefore, Regions's motion for a default judgment (Doc. 28) is **GRANTED**. A default judgment will be entered in Regions's favor, and the Court takes as true the allegations of Regions's complaint pertaining to liability. *See e360 Insight*, 500 F.3d at 602 ("A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint."). The Clerk of Court will enter judgment in accordance with this Order.

    **IT IS SO ORDERED.**

    DATED: September 20, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge